```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/1/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CBI CAPITAL LLC,

      Plaintiff-Counterclaim
      Defendant,

 v.

MIKE MULLEN AND MIKE MULLEN
ENERGY EQUIPMENT RESOURCE, INC.

      Defendants-Counterclaim
      Plaintiff.


MIKE MULLEN ENERGY EQUIPMENT
RESOURCE, INC.

      Third-Party Plaintiff,

 v.

EVAN CLAAR

      Third-Party Defendant.
-------------------------------------------------------X

: ECF CASE
:
: CASE NO. 19-CV-5219 (AT)
:
:
:
: **ORDER**

   Plaintiff-Counterclaim Defendant, CBI Capital LLC, Third-Party Defendant Evan Claar, Defendant Mike Mullen, and Defendant, Counterclaimant, and Third-Party Plaintiff Mike Mullen Energy Equipment Resource, Inc., by and through their respective counsel, having jointly stipulated to the terms of the within Protective Order; and the Court having been advised of and having considered same; and for good cause shown, it is hereby:

   ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order, including information designated as Confidential prior to the entry of this Order, shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within fifteen (15) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the

terms of this Order.

5. No person subject to this Order, other than the producing person, shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the Parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g. stenographers engaged to transcribe depositions conducted in this action; and

   h. the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(e) or 5(f) above, such person shall be provided by counsel

with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford Confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as

Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If any Party becomes legally compelled to disclose any Confidential Discovery Material of another Party (whether by lawful subpoena, judicial or administrative order, applicable law, rule or regulation, or otherwise), that Party shall use all reasonable efforts to provide the other Parties with prior notice thereof, unless precluded by applicable laws or rules. Such prior notice, if permitted by time or allowed under the request, should be at least 10 days prior to any disclosure. Any party wishing to protect its Confidential Discovery Material or prevent such disclosure shall bear the burden to do so.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed, unless the receiving party seeks to dispute that the information is privileged or otherwise protected as set forth below. Until the dispute is resolved or ruled upon, the receiving party shall undertake to keep such information restricted solely for use in connection with the dispute over the privilege or protection.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with

respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be destroyed or returned to the producing person.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Agreed to and submitted by:

| OVED & OVED LLP | BAKER & HOSTETLER LLP |
|---|---|
| By:  /s James T. Reilly  <br>Aaron J. Solomon<br>James T. Reilly<br>Email: aaron@ovedlaw.com<br>Email: jreilly@ovedlaw.com<br>401 Greenwich Street<br>New York, New York 10013<br>Telephone: (212) 226-2376<br>Facsimile: (212) 226-7555<br><br>*Attorneys for Mike Mullen and Mike Mullen Energy Equipment Resource, Inc.* | By:  /s Jessie M. Gabriel  <br>Jessie M. Gabriel<br>Email: jgabriel@bakrerlaw.com<br>45 Rockefeller Plaza<br>New York, NY  10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br><br>*Attorneys for CBI Capital LLC and Evan Claar* |

**IT IS ORDERED:**

Dated: July 1, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CBI CAPITAL LLC, :
: ECF CASE
        Plaintiff-Counterclaim :
        Defendant, : CASE NO. 19-CV-5219 (AT)
:
   v. :
:
MIKE MULLEN AND MIKE MULLEN :
ENERGY EQUIPMENT RESOURCE, INC. : **NON-DISCLOSURE AGREEMENT**
:
        Defendants-Counterclaim :
        Plaintiff. :
:
:
MIKE MULLEN ENERGY EQUIPMENT :
RESOURCE, INC. :
:
        Third-Party Plaintiff, :
:
v. :
:
EVAN CLAAR :
:
        Third-Party Defendant. :
-------------------------------------------------------X

        Plaintiff-Counterclaim Defendant, CBI Capital LLC, Third-Party Defendant Evan Claar, Defendant Mike Mullen,

        I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern

8

District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____
                                                      [Signature]